# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| HARDEE'S RESTAURANTS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:25-cv-01359 |
| v. | ) |
| | ) Judge Aleta A. Trauger |
| ARC BURGER, LLC and ANAND U. GOWDA, | ) |
| | ) |
| | ) |
| Defendants. | ) |

---

**HARDEE'S RESTAURANTS LLC'S ANSWER TO ARC BURGER, LLC's COUNTERCLAIM**

---

Plaintiff Hardee's Restaurants LLC ("HR") hereby answers ARC Burger, LLC's ("ARC" or "Defendant") Counterclaim. Except for the facts expressly admitted below, HR denies every allegation in the Counterclaim.

## INTRODUCTION

1.  HR denies the allegations in Paragraph 1, except that it admits that in August of 2023, ARC entered into Franchise Agreements to operate Hardee's franchised restaurants in Alabama, Florida, Georgia, Illinois, Kansas, Missouri, Montana, South Carolina, and Wyoming.

2.  HR denies the allegations in Paragraph 2.

## THE PARTIES, JURISDICTION AND VENUE

3.  HR admits the allegations in Paragraph 3.

4.  HR admits the allegations in Paragraph 4.

## FACTUAL ALLEGATIONS

5. HR admits that ARC entered into the Franchise Agreements to operate the Restaurants. HR lacks the information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and on that basis denies them.

6. HR lacks the information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7. HR denies the allegations in Paragraph 7.

8. HR lacks the information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. HR lacks the information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10. HR denies that any BOH conditions were concealed from ARC. HR lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and on that basis denies them.

11. HR admits that in connection with ARC's purchase of the Restaurants, ARC entered into Franchise Agreements with HR that obligated ARC to contribute funds to the Hardee's National Advertising Fund ("HNAF") with respect to the Restaurants at a reduced rate from that specified in HR's then-current form of franchise agreement. HR denies the remaining allegations in Paragraph 11.

12. HR admits that it did not make any payments to the HNAF on ARC's behalf and affirmatively states that it had no obligation to do so. HR denies the remaining allegations in Paragraph 12.

13. HR denies the allegations in Paragraph 13.

14. HR denies the allegations in Paragraph 14.

15. HR admits that during the summer of 2024 it launched a chicken tenders promotion. HR denies the remaining allegations in Paragraph 15.

16. HR lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies them..

17. HR denies the allegations in Paragraph 17.

18. HR admits that between 2023 and 2025, HR had three Chief Executive Officers, two Chief Financial Officers, and a Chief Marketing Officer, which joined in August 2023. HR's Chief Technology Officer departed in March 2024, but a new Chief Technology and Growth Officer joined in June 2024. HR denies the remaining allegations in Paragraph 18.

19. HR denies the allegations in Paragraph 19.

20. HR lacks the information sufficient to form a belief as to the truth of ARC's allegations regarding ARC's motivations and on that basis denies them. HR denies the remaining allegations in Paragraph 20.

21. HR admits that it began to negotiate a forbearance agreement with ARC and a third-party lender to allow time for the Restaurants to be sold. HR denies the remaining allegations in Paragraph 21.

22. HR lacks the information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies them.

23. HR admits that during the negotiations for the forbearance agreement, HR conditioned an extension of the termination date of the franchise agreements for ARC's nine Atlanta restaurants on the payment of a portion of ARC's current obligations under those franchise agreements. HR denies the remaining allegations in Paragraph 23.

24. HR denies the allegations in Paragraph 24.

25. HR denies the allegations in Paragraph 25.

26. HR lacks the information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies them.

27. HR admits that on December 12, 2025, it notified ARC that as of midnight that same day, ARC no longer had any rights to operate the nine Atlanta restaurants as Hardee's restaurants. HR further admits that that deadline was subsequently postponed. HR denies the remaining allegations in Paragraph 27.

28. HR admits that on December 15, 2025, it terminated ARC's right to operate the nine Atlanta restaurants as Hardee's restaurants. HR denies the remaining allegations in Paragraph 28.

29. HR admits that it terminated ARC's right to operate the remaining restaurants as Hardee's restaurants on December 22, 2025. HR lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29 and on that basis denies them.

## CAUSE OF ACTION

30. In response to Paragraph 30, HR incorporates by reference its responses to the preceding paragraphs as though fully restated herein.

31. HR admits the allegations in Paragraph 31.

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is deemed required, HR denies any allegations inconsistent with applicable law.

33. HR denies the allegations in Paragraph 33.

34. HR denies the allegations in Paragraph 34.

**PRAYER FOR RELIEF**

The Prayer for Relief contains no factual allegations requiring a response. To the extent a response is deemed required, HR denies that ARC is entitled to any of the relief requested or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

ARC's claim is barred for failure to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Prior Material Breach)

ARC's claim is barred, in whole or in part, because ARC materially breached its obligations under the Franchise Agreements. ARC failed to substantially comply with its obligations under the Franchise Agreements, including but not limited to its payment obligations to HR.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

ARC's claim for damages is barred, in whole or in part, because ARC failed to take reasonable steps to mitigate its alleged damages. ARC had the ability and opportunity to mitigate its alleged losses but failed to do so. Any damages ARC may have suffered were caused or exacerbated by ARC's own failure to mitigate, and ARC's recovery, if any, should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

ARC's claim is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(Express Contractual Authorization)

ARC's claim is barred because all of HR's actions were expressly authorized by the Franchise Agreements. The implied covenant of good faith and fair dealing cannot be used to override or contradict the express terms of the Franchise Agreements.

April 7, 2026

Respectfully submitted,

s/ John F. Verhey (by CHW with perm.)
John F. Verhey (IL Bar No.6199571)
DLA Piper LLP (US)
444 W. Lake Street Suite 900
Chicago, Illinois 60606-0089
John.verhey@us.dlapiper.com
(Admitted via *Pro hac vice* application)

Madeline A. Cordray (AZ Bar No. 035788)
DLA Piper LLP (US)
2525 East Camelback Rd., Suite 1000
Phoenix, Arizona 85016
Madeline.cordray@us.dlapiper.com
(Admitted *Pro hac vice* application)

s/ Charley H. Williamson
Robb S. Harvey (Tenn. BPR No. 11519)
Charley Williamson (Tenn. BPR No. 018287)
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
robb.harvey@hklaw.com
charley.williamson@hklaw.com

*Attorneys for Plaintiff*
*Hardee's Restaurants, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 7, 2026, the foregoing was filed via the Court's Electronic Case Filing System, which is anticipated to serve counsel of record listed below:

David L. Johnson, BPR
Jordyne Johnson Richartz
Neuhoff Building
1320 Adams Street, Suite 1400
Nashville, TN 37208

and via email:

Matthew S. McConnell
T. Sean Mann-O'Halloran
Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 100
San Diego, California 92130-4092

/s/ *Charley H. Williamson*